[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3393
This is a limited contested divorce which was returned and tried to the Superior Court in the New Haven Judicial District. The complaint alleges that the parties were married on May 6, 1983. It also alleges that the parties are "residents of the state of Connecticut and have been so for the statutorily required period, that there are three minor children issue of the marriage, and that the marriage of the parties has broken down irretrievably. The allegations of the complaint are found to have been proven.
Each of the parties testified that during the course of the trial. The plaintiff, Mr. Thomas, testified that he works at the West Haven Board of Education as a custodian. He earns approximately $36,000.00 per annum, gross. He has also worked part-time jobs in different capacities. At present, he works part-time at Toys-R-Us approximately five hours per week. Seasonally, he can work as much as twenty hours per week in his part-time job. In approximately October and November of 1999 and previously, the plaintiff had a part-time job working at a church. From that part-time employment he was earning a net of $278.00. The plaintiff testified further that he presently lives in a basement apartment, for which he pays $575.00 per month including utilities. He also testified as to the work history of his wife, the ages of his children, and other details of the marriage. It was the plaintiff's testimony that the marriage had dissolved some time ago. He indicated that the parties started sleeping in separate bedrooms approximately seven years ago, that they disagreed as to their respective responsibilities for the house and for the kids, he felt that his authority had diminished over time within his own home and felt that he was the only one working, in every sense of the word. In addition, the plaintiff testified that he was dissatisfied with the wife's abilities as a housekeeper and home maker and that she had developed an interest in the internet which further distracted her attentions.
Mr. Thomas testified that they purchased their home in West Haven in 1987 for $104,000.00. He describes the mortgage at present as holding a balance of approximately $84,000.00. It is a variable rate mortgage. He is two months behind in his current obligation to maintain that mortgage. The parties have no other assets of any significance other than retirement benefits as listed on Mr. Thomas' financial affidavits. There is a CT Page 3394 substantial shortfall in the loan to value ratio of a Dodge van that the parties purchased in 1988.
The defendant, Mrs. Thomas, testified that she met her husband when she was fifteen years of age. They were married when she was twenty-four, and both worked initially during their marriage. She was employed as a bartender in a restaurant from the time she was eighteen years of age until she was approximately twenty-seven years of age which was when her first child was born. Of the three children of the marriage, the youngest has just become seven years of age. Mrs. Thomas testified that her husband did not want her to work during the time that she was raising the children. She testified that she had offered to take in children to watch and thus raise extra money because she realized he was working too many hours. It is Mrs. Thomas' testimony that her husband said not to do so, because he could make more money by working outside of the house.
Mrs. Thomas testified that over the course of their marriage, her husband's treatment of her deteriorated. He became hostile in his attitude toward her, called her derogatory names having to do with a number of issues, including problems with her weight. There was an attempt of counseling, which was unsuccessful. There was also a brief separation in 1996, during which Mr. Thomas moved from the home returning to his mother's. He was gone for approximately one month after which he returned. The reconciliation was difficult, and it appears that communication between the parties which had not been good prior to the separation was not improved by that event. Mrs. Thomas does indicate that she was depressed for a time, and that depression reflected itself on her effort towards housekeeping. By the same token, she indicates that she was depressed because Mr. Thomas had been unfaithful to her. Mrs. Thomas indicates that she is presently looking for a job, and may have an employment prospect which would pay her $6.50 per hour for approximately 20 hours a week. There is disagreement between the parties as to the oldest child's ability to care for the youngest children. Mrs. Thomas indicates that the oldest child cannot care for the youngest because she has attention deficit disorder and is not capable of the attention span required to watch the two younger siblings.
The court has considered the relevant statutory criteria and the evidence and arguments presented by both parties. Based on foregoing, the following orders are entered: CT Page 3395
The marriage of the parties shall be dissolved. Joint legal custody of the minor children is awarded. The primary residence of the children shall be with the defendant. The plaintiff shall have reasonable and liberal access to the children which shall include as a minimum Sunday visitation from noon to 6 p. m., Wednesday visitation from the time the children are dismissed from school until 7 p. m. and alternating holidays as may be agreed upon by the parties. In addition, the plaintiff shall have reasonable telephone contact with the minor children, and may arrange overnight visitation with the minor children as may be agreed upon by the parties. The parties shall endeavor to accommodate each other with respect to access to both parents on the children's birthdays, father's day, and mother's day. The parties shall also endeavor to keep each other appraised of each child's educational development, and their vocational and recreational interests.
The plaintiff shall maintain the minor children on his present health insurance coverage as made available through his employment at a reasonable cost. Such cost as are uninsured, or unreimbursed by the medical plan shall be divided by the payment of 58% of such expense by the plaintiff, and 42% of such expense by the defendant in accordance with, and after payments otherwise required by the child support guidelines. Further, the processing of any claims under medical insurance as provided herein shall be govern by the provisions of Connecticut General Statute § 46b-84d. The court further finds that the child support guidelines are applicable to this matter. The court finds that child support shall be payable by the plaintiff to the defendant in the amount of $290.00 per week. The plaintiff shall be entitled to declare the children as deductions for income tax purposes.
The plaintiff is ordered to pay alimony to the defendant in the amount of $150.00 per week. Said alimony shall terminate upon the death of either party, the marriage or cohabitation of the defendant, or eight years from the date of this judgment.
The plaintiff shall convey to the defendant all his right title and interest in the Real Estate known as 29 Oleander Road, West Haven, Connecticut. The wife shall be responsible for any and all mortgages, taxes, repairs, and maintenance of the properties, except for the present debt due to the town of West Haven tax collector, and the present arrears on the first mortgage.
The plaintiff shall be the sole owner of the 1998 Dodge CT Page 3396 Caravan. He may dispose of said vehicle as he deems fit. He is to pay the current loan with respect of said vehicle and hold the defendant harmless thereon. The defendant wife shall be awarded sole possession and ownership of the 1991 Ford Taurus listed on the financial affidavits of the parties.
The plaintiff shall transfer $12,000.00 interest in the 401k diversified funds listed on his financial affidavit. The plaintiff shall retain ownership of the 403b accounts listed on said affidavit.
The plaintiff shall maintain the current life insurance policy as provided by the West Haven Board of Education. He shall list the defendant as beneficiary of said policy through the time when the youngest child reaches the age of majority.
The plaintiff shall pay any arrears outstanding on the mortgage loan securing the property at 29 Oleander Avenue, West Haven. Payments shall be made to include the payment due for February, 2000, and be made on or before (30) days from the date of this order. The plaintiff shall pay the debt presently due and owing to the West Haven Tax Collector. The plaintiff be entitled to any tax refund for the 1999 tax return.
The plaintiff shall have such personal property as requested in his Claims for Relief dated February 08, 2000, paragraph 8a. The parties shall each pay the bills on their respective Financial Affidavits and attorneys fees.
Robaina, J.